

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

RECEIVED
JUN 09 2016
AT 8:30 ___ M
WILLIAM T. WALSH
CLERK

July 27, 2015

Lawrence S. Lustberg, Esq.
Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310

      Re:    Plea Agreement with Robert Spallina    16-269(AET)

Dear Mr. Lustberg:

    This letter sets forth the plea agreement between your client, Robert Spallina, and the United States Attorney for the District of New Jersey ("this Office").

## Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Robert Spallina to a one-count information which charges him with committing securities fraud between on or about November 8 2011, and November 21, 2011, in violation of Title 15, United States Code, Section 78j(b) and 78ff. If Robert Spallina enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Robert Spallina for engaging in securities fraud by: (1) trading in Pharmasset, Inc. (VRUS) stock in or about November 2011 based on material nonpublic information, and (2) passing material nonpublic information concerning VRUS to others who traded on it. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Robert Spallina agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Robert Spallina may be commenced against him, notwithstanding the expiration of the limitations period after Robert Spallina signs the agreement.

Sentencing

The violation of Title 15, United States Code, Sections 78j(b) and 78ff to which Robert Spallina agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $5,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Robert Spallina is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Robert Spallina ultimately will receive.

Further, in addition to imposing any other penalty on Robert Spallina, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order Robert Spallina to pay an assessment of $100, which assessment must be paid by the date of sentencing; (2) pursuant to 18 U.S.C. § 3663 et seq., may order Robert Spallina to pay restitution; (3) pursuant to 18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461, may order forfeiture; and (4) pursuant to 18 U.S.C. § 3583, may require Robert Spallina to serve a term of supervised release of not more than three years, which term of supervised release will begin at the expiration of any term of imprisonment imposed. Should Robert Spallina be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Robert Spallina may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Robert Spallina by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and

information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Robert Spallina's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Robert Spallina agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Robert Spallina from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Robert Spallina waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Rights of This Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

3

Forfeiture

Robert Spallina agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, he will consent to the entry of a forfeiture money judgment in the amount of $39,156 (the "Forfeiture Money Judgment"). Robert Spallina acknowledges that the Forfeiture Money Judgment is subject to forfeiture as property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy to commit securities fraud and/or represents substitute assets as described in 21 U.S.C. § 853(p).

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, the defendant shall cause said check to be hand delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure Robert Spallina agrees and consents to the entry of an Order of Forfeiture imposing the Forfeiture Money Judgment 60 days prior to his date of sentencing.

Robert Spallina represents that by the time this plea agreement is provided to the United States that he has either: (a) provided payment of the Forfeiture Money Judgment; or (b) disclosed all of his assets to the United States on the attached Financial Disclosure Statement. Robert Spallina understands that his obligation to disclose all of his assets on the attached Financial Disclosure Statement is a continuing obligations and that Robert Spallina will update the attached Financial Disclosure Statement when necessary.

Robert Spallina agrees that if the government determines that he has intentionally failed to disclose assets on the Financial Disclosure Statement, dissipates assets without the consent of the United States, or otherwise does not cooperate in the seizure and forfeiture of assets, that failure constitutes a material breach of this agreement. In addition, Robert Spallina consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement or otherwise failed to disclose to the United States. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Robert Spallina knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Robert Spallina further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Robert Spallina further agrees to waive all interest in the Forfeiture Money Judgment or any other assets forfeited in partial satisfaction of the

4


Forfeiture Money Judgment, in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Robert Spallina hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Defendant understands and agrees that if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization, if he is not already in that status. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense, knowing that this plea will likely result in his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Robert Spallina. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Robert Spallina.

No provision of this agreement shall preclude Robert Spallina from pursuing in an appropriate forum, when permitted by law, an appeal, collateral

attack, writ, or motion claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Robert Spallina and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ANDREW D. KOGAN
Assistant U.S. Attorneys

Approved:

Gurbir Grewal
Chief, Economic Crimes Unit

I have received this letter from my attorney, Lawrence S. Lustberg, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 9/2/15
ROBERT SPALLINA

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 9/2/15
LAWRENCE S. LUSTBERG, ESQ.

I have received this letter from my attorney, Lawrence S. Lustberg, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date:_____
ROBERT SPALLINA

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date:_____
LAWRENCE S. LUSTBERG, ESQ.

<u>Plea Agreement with Robert Spallina</u>

<u>SCHEDULE A</u>

This Office and Robert Spallina recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Robert Spallina nevertheless agree to the stipulations set forth herein and agree that the Court should sentence Robert Spallina within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Robert Spallina further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

1. The version of the United States Sentencing Guidelines effective November 1, 2014 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. Pursuant to U.S.S.G. § 2B1.1(a)(1), because this agreement relates to an offense referenced to U.S.S.G. § 2B1.1 and the offense carries a statutory maximum sentence of 20 years of more, the Base Offense Level is 7.

2. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(F) applies in that the offense involved a loss amount of more than $120,000 but not more than $200,000, specifically $196,615. This Specific Offense Characteristic results in an increase of 10 levels.

3. Specific Offense Characteristic U.S.S.G. § 3B1.3 applies because Robert Spallina abused a position of public and private trust. This Specific Offense Characteristic results in an increase of 2 levels.

4. As of the date of this letter, Robert Spallina has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Robert Spallina's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Robert Spallina has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Robert Spallina offense level pursuant to U.S.S.G.

§ 3E1.1(b) if the following conditions are met: (a) Robert Spallina enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Robert Spallina acceptance of responsibility has continued through the date of sentencing and Robert Spallina therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Robert Spallina offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Robert Spallina will be 16 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 16 is reasonable.

8. Robert Spallina knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 16. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 16. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.